JENNIFER LEE TAYLOR (CA SBN 161368)
*JTaylor@mofo.com*
ANNA FERRARI (CA SBN 261579)
*AFerrari@mofo.com*
SABRINA A. LARSON (CA SBN 291661)
*SLarson@mofo.com*
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:     415.268.7000
Facsimile:     415.268.7522

Attorneys for Plaintiffs
RESTORATION HARDWARE, INC. and RH US, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESTORATION HARDWARE, INC. and RH US, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>HOUZZ, INC.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, AND UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Restoration Hardware, Inc. and RH US, LLC (collectively, "Restoration Hardware" or "Plaintiffs") bring this action against Houzz, Inc. ("Houzz" or "Defendant") and allege as follows:

## INTRODUCTION

1.     Defendant Houzz has taken advantage of Restoration Hardware's established trademarks, trade dress, and goodwill in the upscale home decor and furnishings marketplace to sell and promote, using Houzz's e-commerce platform, consumer goods that are neither made nor sold by Restoration Hardware.  By its unfettered use of the RESTORATION HARDWARE® trademarks, along with images from Restoration Hardware's websites and source books, to advertise non-Restoration Hardware products, Houzz has confused and deceived its customers into believing that Houzz is offering genuine Restoration Hardware products—or products of

1  similarly high quality and aesthetic value as Restoration Hardware's—when it is merely selling

2  substandard imitations.  In other instances, Houzz misleads its users by displaying Restoration

3  Hardware's product images to advertise third-party sellers whose actual product offerings are not,

4  and bear no resemblance to, the advertised Restoration Hardware products.  These unlawful

5  marketing practices are causing substantial harm to the Restoration Hardware brand and business,

6  and should be stopped immediately.

7  **THE PARTIES**

8  2.     Plaintiff Restoration Hardware, Inc. is a corporation organized under the laws of

9  Delaware and having its principal place of business at 15 Koch Road in Corte Madera, California,

10  94925.  Restoration Hardware, Inc. operates a luxury brand in the home furnishings marketplace

11  offering furniture, lighting, textiles, bathware, decor, outdoor & garden, and baby & child

12  products.

13  3.     Plaintiff RH US, LLC is a limited liability company organized under the laws of

14  Delaware and having its principal place of business at 15 Koch Road in Corte Madera, California,

15  94925.  RH US, LLC is the owner of the RESTORATION HARDWARE® trademarks, which

16  Restoration Hardware, Inc. uses under license from RH US, LLC.

17  4.     On information and belief, Defendant Houzz, Inc. is a corporation organized under

18  the laws of Delaware and having its principal place of business at 301 University Avenue in Palo

19  Alto, California, 94301.  On information and belief, Houzz operates a website, www.houzz.com

20  ("Houzz.com"), which provides an online forum about the subjects of home decor, interior

21  design, architecture, and home improvements, as well as an online marketplace for related

22  products.

23  **JURISDICTION AND VENUE**

24  5.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C.

25  § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question jurisdiction);

26  28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks); and 28 U.S.C. § 1367

27  (supplemental jurisdiction).

28

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Houzz's transactions in this District constitute a substantial part of the events giving rise to Restoration Hardware's complaint.  Furthermore, Restoration Hardware has suffered harm in this District, and the Lanham Act provides that venue lies in the place of harm to the plaintiff.

## GENERAL ALLEGATIONS

### PLAINTIFFS' BUSINESS

7.      Restoration Hardware is a leading brand in the luxury home goods marketplace. One of the largest employers in Marin County, Restoration Hardware has over 4,000 employees.

8.      Restoration Hardware sources its high-quality home furnishings and consumer goods from exclusive relationships with leading artisans and designers from across the globe, and has made extensive and systematic efforts to cultivate and protect its brand name and image.

9.      In addition to its substantial intellectual property investments, Restoration Hardware has devoted considerable time and resources to advertise and promote its products and brand throughout the world.  For example, Restoration Hardware exhibits its product lines in distinctive, high-end Galleries, housed in unique and historic buildings rather than formula retail space.  As of January 25, 2016, Restoration Hardware operated a total of 83 retail stores, consisting of 68 Galleries (4 of which are Baby & Child Galleries) and 15 outlet stores throughout the United States and Canada.

10.     In addition, Restoration Hardware creates, and is well known for, the distinctive imagery it uses to present the products that it promotes and sells in its Galleries and retail stores, through its source books, and online at www.restorationhardware.com, www.rhteen.com, www.rhmodern.com, and www.rhbabyandchild.com.  Restoration Hardware expends considerable resources and effort to create this imagery and requires its photographs to meet meticulous design and quality standards.  In addition to maintaining high standards for the websites' imagery, Restoration Hardware devotes considerable time and effort to product presentation on its websites to ensure that the display, arrangement, and presentation of its products across the websites create a unique customer experience.

1      11.    Restoration Hardware publishes its imagery in its source books, which are design

2   resources on specialized subjects, such as Furniture, Small Spaces, and Objects of Curiosity,

3   which also serve as catalogues of Restoration Hardware products.  The source books are available

4   both electronically and in hard copy, and many of the product images used on Restoration

5   Hardware's website are the same images that are used in Restoration Hardware's source books.

6   In fiscal 2014, Restoration Hardware distributed over 50.3 million source books, and in fiscal

7   2015, Restoration Hardware distributed over 25.8 million source books.  In fiscal 2014,

8   Restoration Hardware's websites logged approximately 25.8 million unique visits, and in fiscal

9   2015, there were an estimated 29.5 million unique visits to Restoration Hardware's websites.

10                      **PLAINTIFFS' INTELLECTUAL PROPERTY**

11      12.    Restoration Hardware has promoted its furniture and home furnishings products

12   and accessories and its online, catalog, and retail store services under the RESTORATION

13   HARDWARE® mark since 1979.  Restoration Hardware has also promoted its products and

14   services under the RH, RH MODERN, RH TEEN, and RH BABY & CHILD trademarks

15   (together with RESTORATION HARDWARE, the "Restoration Hardware Marks").

16      13.    The RESTORATION HARDWARE® trademark is registered for "retail store

17   services featuring furniture, accessories and hardware" under U.S. Trademark Registration

18   No. 2,048,579.  Registration No. 2,048,579 issued on April 1, 1997, and is considered

19   incontestable.  The application that matured into Registration No. 2,048,579 was filed on

20   October 11, 1994, by Restoration Hardware, Inc., a California corporation, which merged into

21   Plaintiff Restoration Hardware, Inc. on May 27, 1996.  On January 30, 2015, Plaintiff Restoration

22   Hardware, Inc. assigned all right and title to Registration No. 2,048,579, together with the

23   RESTORATION HARDWARE® trademark and all goodwill associated with that trademark, to

24   Plaintiff RH US, LLC, a wholly owned subsidiary of Plaintiff Restoration Hardware, Inc.  On

25   March 9, 2015, RH US, LLC filed a request to record the assignment with the U.S. Patent and

26   Trademark Office.

27      14.    The RESTORATION HARDWARE® trademark is also registered for "fabric

28   protectant for outdoor fabrics; interior paint; protective coatings for outdoor wood furniture; bath

soaps; hand lotions; hand cream; lip balm; bath crystals; scented room sprays; outdoor barbeque cleaning preparations; leather cleaning preparations; cleaning preparations, namely, fabric cleaners and outdoor furniture cleaners; scented candles; tea light candles; cabinet knobs of metal; decorative boxes of common metal; drawer pulls of metal; hooks made of metal; metal hinges; metal latches; metal knockers; metal house numbers and letters; common metal numbers and letters for decorative use; metal mailboxes; common cast metal garden and household ornaments; metal trellises; metal ladders; accessories for fireplaces, namely, fire screens consisting primarily of a metal frame with a metal mesh; metal stands for firewood, namely, andirons; fireplace tool sets sold as a unit; gardening hand tools, namely, pruners, trowels, weeding forks, dibblets and plant markers; scales; rain gauges; thermometers; weather stations comprising weather predicting and measuring apparatus; decorative switch plate covers; decorative socket covers; electric door bells; leather protective covers specially adapted for personal electronic devices; sinks; bath tubs; plumbing fittings, namely, fresh water fills for bath tubs; chandeliers; sconce lighting fixtures; lanterns; electric light decorative strings; electric holiday lights; lamps; pendant lighting fixtures; ceiling fans; lamp shades; book lights; electric candles; electric night lights; candle lanterns; outdoor solar powered lighting fixtures; electric fans; bathroom lighting fixtures; plumbing fittings, namely, tub and shower control valves and trim set for mounting the control valve sold as a unit; faucet sets; handheld showers; and structural and replacement parts for the aforementioned goods; water fountains; electric patio heaters; gas patio heaters; fireplaces; portable fireplaces in the nature of a fire bowl; decorative heat registers; desk clocks; wall clocks; leather jewelry and accessory boxes; jewelry boxes not of metal; globes; photograph albums; albums, cardboard boxes and envelopes for storing photographs and other mementos; blank journals; bookends; textile wine gift bags; framed art etchings; framed art pictures; framed art prints; framed graphic art reproductions; framed and matted art pictures featuring decorative objects; maps; framed maps; chalkboards; luggage, namely, trunks; tool bags sold empty; patio umbrellas; non-metal architectural products, namely, pediments, capitals and corbels; cast stone garden and household ornaments; statues of stone; non-metal bird baths; furniture, namely, beds, chairs, couches, benches, ottomans, loveseats, sofas, sleeper sofas, beds, daybeds, cribs, dressers, nightstands,

ottomans, chaise lounges, lounge chairs, side chairs, arm chairs, dining chairs, bean bag chairs,

coffee tables, side tables, console tables, dining tables, occasional tables, baby changing tables,

baby changing mats, bookcases, furniture chests, armoires, desks, sideboards, cabinets, media

cabinets, and travelling trunks for use as tables; pedestals; stools; non-metal step stools; outdoor

furniture; fitted fabric furniture covers; cushions; pillows; floor pillows; bed pillows; bolsters;

mattresses; mattress toppers, namely, feather beds; kneelers for gardening; sleeping bags;

bassinets; bathroom furniture, namely, mirrors, cabinets, washstands, medicine cabinets,

countertops and cupboards, shelving, vanities, etageres, towel stands, bath stools, bath carts,

shower curtain rods, and structural parts for all the aforementioned goods; picture frames; bulletin

boards; dressmaker's dummies; drapery hardware, namely, curtain rods, curtain hooks and finials;

window shades; wall decor, namely, shelving and mirrors; coat racks; magazine racks; towel

racks; shower racks; luggage racks in the nature of furniture; wine racks; display racks; metal

racks for storing firewood; decorative boxes made of wood; wood garden and household

ornaments; decorative wood panels; cast resin garden and household ornaments; patio umbrella

bases; bath hardware and accessories, namely, towel bars, towel rings, tissue holders, tissue

storage canisters, toothbrush holders, toothbrush containers, soap dishes, dispensers for liquid

soap, toilet brushes and plungers, toilet paper holders, canisters, wastebaskets, shower caddies;

baskets for domestic use, not of metal; laundry hampers for domestic or household use; general

purpose storage bins for household use; candle holders not of precious metal; bird cages;

decorative glass bottles and jars; drinking cups for babies and children; containers not of precious

metal for small items for household use; serving trays; decorative bowls; planters for flowers and

plants; urns; gardening gloves; bottle stoppers specially adapted for use with wine bottles; wine

openers; wine caddies; drawer pulls of glass, porcelain or earthenware; fabric window coverings

and treatments, namely, curtains, draperies, sheers and valances; draperies for outdoor use; bed

sheets; fitted bed sheet covers; pillow cases; pillow covers; pillow shams; bed blankets;

comforters; quilts; coverlets; bed skirts; mattress pads; shower curtains; towels; blanket throws;

cashmere blankets; baby bedding, namely, bundle bags, swaddling blankets, baby blankets;

receiving blankets, crib bumpers, fitted crib sheets, crib skirts, crib blankets, and diaper changing

pad covers not of paper; clothing and apparel, namely, robes; slippers; aprons; scarves; hand-warmers; hats; tee shirts; baby bunting, overalls, knit jackets, pants, dresses, gowns, one-piece garments for children, toddlers or infants; booties; socks; baby bibs not of paper; rugs; rug pads; bath rugs; door mats; board games; dominoes; backgammon games; chess games; gaming equipment, namely, chips and cards for poker; bingo game playing equipment; crib mobiles; mobiles for children; toy scooters; plush toys; stuffed toy animals; rocking toys having animal shapes; baby multiple activity toy mats; play tents; baby rattles; ride-on toys, namely, non-motorized pedal cars for children; toy wagons for children; toy tricycles; Christmas tree ornaments of glass and common metals; Christmas tree decorations, namely, garlands of glass and common metals; dried plants for decoration; gardening kits comprising seeds and bulbs; holiday garlands of preserved plants; retail store services, catalog mail-order services, and online retail store services featuring a wide range of consumer goods, namely, furniture, lighting, bath ware, bath linens, bedding, hardware, home renovation products, window coverings, floor coverings, home decor and accessories, outdoor home furnishings and accessories, gardening products, toys, games, apparel, slippers and booties, personal care products, holiday decorations, paper goods, memorabilia, gifts, clocks, luggage racks and cleaning products; advertising services for others, namely, market research for others and promoting the sale of goods and services of others through the dissemination of information via the internet, through the use of in-store displays and through the distribution of catalogs; issuing gift certificates which may then be redeemed for goods or services; gift registry services" under U.S. Trademark Registration No. 4,188,892, which issued on August 14, 2012.  The application that matured into Registration No. 4,188,892 was filed on April 14, 2011, by Plaintiff Restoration Hardware, Inc.  On January 30, 2015, Plaintiff Restoration Hardware, Inc. assigned all right and title to Registration No. 4,188,892, together with the RESTORATION HARDWARE® trademark and all goodwill associated with that trademark, to Plaintiff RH US, LLC, a wholly owned subsidiary of Plaintiff Restoration Hardware, Inc.  On March 9, 2015, RH US, LLC filed a request to record the assignment with the U.S. Patent and Trademark Office.

15.     The RESTORATION HARDWARE® (stylized) trademark is also registered for "fabric protectant for outdoor fabrics; interior paint; protective coatings for outdoor wood furniture; bath soaps; hand lotions; hand cream; lip balm; bath crystals; scented room sprays; outdoor barbeque cleaning preparations; leather cleaning preparations; cleaning preparations, namely, fabric cleaners and outdoor furniture cleaners; scented candles; tea light candles; cabinet knobs of metal; decorative boxes of common metal; drawer pulls of metal; hooks made of metal; metal hinges; metal latches; metal knockers; metal house numbers and letters; common metal numbers and letters for decorative use; metal mailboxes; common cast metal garden and household ornaments; metal trellises; metal ladders; accessories for fireplaces, namely, fire screens consisting primarily of a metal frame with a metal mesh; metal stands for firewood, namely, andirons; fireplace tool sets sold as a unit; gardening hand tools, namely, pruners, trowels, weeding forks, dibblets and plant markers; scales; rain gauges; thermometers; weather stations comprising weather predicting and measuring apparatus; decorative switch plate covers; decorative socket covers; electric door bells; leather protective covers specially adapted for personal electronic devices; sinks; bath tubs; plumbing fittings, namely, fresh water fills for bath tubs; chandeliers; sconce lighting fixtures; lanterns; electric light decorative strings; electric holiday lights; lamps; pendant lighting fixtures; ceiling fans; lamp shades; book lights; electric candles; electric night lights; candle lanterns; outdoor solar powered lighting fixtures; electric fans; bathroom lighting fixtures; plumbing fittings, namely, tub and shower control valves and trim set for mounting the control valve sold as a unit; faucet sets; handheld showers; and structural and replacement parts for the aforementioned goods; water fountains; electric patio heaters; gas patio heaters; fireplaces; portable fireplaces in the nature of a fire bowl; decorative heat registers; desk clocks; wall clocks; leather jewelry and accessory boxes; jewelry boxes not of metal; globes; photograph albums; albums, cardboard boxes and envelopes for storing photographs and other mementos; blank journals; bookends; textile wine gift bags; framed art etchings; framed art pictures; framed art prints; framed graphic art reproductions; framed and matted art pictures featuring decorative objects; maps; framed maps; chalkboards; luggage, namely, trunks; tool bags sold empty; patio umbrellas; non-metal architectural products, namely,

pediments, capitals and corbels; cast stone garden and household ornaments; statues of stone; non-metal bird baths; furniture, namely, beds, chairs, couches, benches, ottomans, loveseats, sofas, sleeper sofas, beds, daybeds, cribs, dressers, nightstands, ottomans, chaise lounges, lounge chairs, side chairs, arm chairs, dining chairs, bean bag chairs, coffee tables, side tables, console tables, dining tables, occasional tables, baby changing tables, baby changing mats, bookcases, furniture chests, armoires, desks, sideboards, cabinets, media cabinets, and travelling trunks for use as tables; pedestals; stools; non-metal step stools; outdoor furniture; fitted fabric furniture covers; cushions; pillows; floor pillows; bed pillows; bolsters; mattresses; mattress toppers, namely, feather beds; kneelers for gardening; sleeping bags; bassinets; bathroom furniture, namely, mirrors, cabinets, washstands, medicine cabinets, countertops and cupboards, shelving, vanities, etageres, towel stands, bath stools, bath carts, shower curtain rods, and structural parts for all the aforementioned goods; picture frames; bulletin boards; dressmaker's dummies; drapery hardware, namely, curtain rods, curtain hooks and finials; window shades; wall decor, namely, shelving and mirrors; coat racks; magazine racks; towel racks; shower racks; luggage racks in the nature of furniture; wine racks; display racks; metal racks for storing firewood; decorative boxes made of wood; wood garden and household ornaments; decorative wood panels; cast resin garden and household ornaments; patio umbrella bases; bath hardware and accessories, namely, towel bars, towel rings, tissue holders, tissue storage canisters, toothbrush holders, toothbrush containers, soap dishes, dispensers for liquid soap, toilet brushes and plungers, toilet paper holders, canisters, wastebaskets, shower caddies; baskets for domestic use, not of metal; laundry hampers for domestic or household use; general purpose storage bins for household use; candle holders not of precious metal; bird cages; decorative glass bottles and jars; drinking cups for babies and children; containers not of precious metal for small items for household use; serving trays; decorative bowls; planters for flowers and plants; urns; gardening gloves; bottle stoppers specially adapted for use with wine bottles; wine openers; wine caddies; drawer pulls of glass, porcelain or earthenware; fabric window coverings and treatments, namely, curtains, draperies, sheers and valances; draperies for outdoor use; bed sheets; fitted bed sheet covers; pillow cases; pillow covers; pillow shams; bed blankets; comforters; quilts; coverlets; bed skirts; mattress pads;

shower curtains; towels; blanket throws; cashmere blankets; baby bedding, namely, bundle bags, swaddling blankets, baby blankets; receiving blankets, crib bumpers, fitted crib sheets, crib skirts, crib blankets, and diaper changing pad covers not of paper; clothing and apparel, namely, robes; slippers; aprons; scarves; hand-warmers; hats; tee shirts; baby bunting, overalls, knit jackets, pants, dresses, gowns, one-piece garments for children, toddlers or infants; booties; socks; baby bibs not of paper; rugs; rug pads; bath rugs; door mats; board games; dominoes; backgammon games; chess games; gaming equipment, namely, chips and cards for poker; bingo game playing equipment; crib mobiles; mobiles for children; toy scooters; plush toys; stuffed toy animals; rocking toys having animal shapes; baby multiple activity toy mats; play tents; baby rattles; ride-on toys, namely, non-motorized pedal cars for children; toy wagons for children; toy tricycles; Christmas tree ornaments of glass and common metals; Christmas tree decorations, namely, garlands of glass and common metals; dried plants for decoration; gardening kits comprising seeds and bulbs; holiday garlands of preserved plants; retail store services, catalog mail-order services, and online retail store services featuring a wide range of consumer goods, namely, furniture, lighting, bath ware, bath linens, bedding, hardware, home renovation products, window coverings, floor coverings, home decor and accessories, outdoor home furnishings and accessories, gardening products, toys, games, apparel, slippers and booties, personal care products, holiday decorations, paper goods, memorabilia, gifts, clocks, luggage racks and cleaning products; advertising services for others, namely, market research for others and promoting the sale of goods and services of others through the dissemination of information via the internet, through the use of in-store displays and through the distribution of catalogs; issuing gift certificates which may then be redeemed for goods or services; gift registry services" under U.S. Trademark Registration No. 4,188,893, which issued on August 14, 2012.  The application that matured into Registration No. 4,188,893 was filed on April 14, 2011, by Plaintiff Restoration Hardware, Inc.  On January 30, 2015, Plaintiff Restoration Hardware, Inc. assigned all right and title to Registration No. 4,188,893, together with the RESTORATION HARDWARE® (stylized) trademark and all goodwill associated with that trademark, to Plaintiff RH US, LLC, a wholly

1   owned subsidiary of Plaintiff Restoration Hardware, Inc.  On March 9, 2015, RH US, LLC filed a

2   request to record the assignment with the U.S. Patent and Trademark Office.

3       16.     The RESTORATION HARDWARE® (stylized) trademark, shown below, is also

RESTORATION
H A R D W A R E

6   registered for "retail store services, catalog mail-order services, and online retail store services

7   featuring a wide range of consumer goods, namely, furniture, lighting, bath ware, bath linens,

8   bedding, hardware, home renovation products, window coverings, floor coverings, home decor

9   and accessories, outdoor home furnishings and accessories, gardening products, toys, games,

10  apparel, slippers and booties, personal care products, holiday decorations, paper goods,

11  memorabilia, gifts, clocks, luggage racks and cleaning products; advertising services for others,

12  namely, market research for others and promoting the sale of goods and services of others

13  through the dissemination of information via the internet, through the use of in-store displays and

14  through the distribution of catalogs; issuing gift certificates which may then be redeemed for

15  goods or services; gift registry services" under U.S. Trademark Registration No. 4,342,527,

16  which issued on June 18, 2013.  The application that matured into Registration No. 4,342,527 was

17  filed on September 10, 2012, by Plaintiff Restoration Hardware, Inc.  On January 30, 2015,

18  Plaintiff Restoration Hardware, Inc. assigned all right and title to Registration No. 4,342,527,

19  together with the RESTORATION HARDWARE® (stylized) trademark and all goodwill

20  associated with that trademark, to Plaintiff RH US, LLC, a wholly owned subsidiary of Plaintiff

21  Restoration Hardware, Inc.  On March 9, 2015, RH US, LLC filed a request to record the

22  assignment with the U.S. Patent and Trademark Office.

23      17.     The RH RESTORATION HARDWARE® (stylized) trademark, shown below,



RH
RESTORATION HARDWARE

27  is also registered for "retail store services, catalog mail-order services, and online retail store

28  services featuring a wide range of consumer goods, namely, furniture, lighting, bath ware, bath

1    linens, bedding, hardware, home renovation products, window coverings, floor coverings, home

2    decor and accessories, outdoor home furnishings and accessories, gardening products, toys,

3    games, apparel, slippers and booties, personal care products, holiday decorations, paper goods,

4    memorabilia, gifts, clocks, luggage racks and cleaning products; advertising services for others,

5    namely, market research for others and promoting the sale of goods and services of others

6    through the dissemination of information via the internet, through the use of in-store displays and

7    through the distribution of catalogs; issuing gift certificates which may then be redeemed for

8    goods or services; gift registry services" under U.S. Trademark Registration No. 4,353,085,

9    which issued on May 28, 2013.  The application that matured into Registration No. 4,353,085 was

10   filed on October 5, 2012, by Plaintiff Restoration Hardware, Inc.  On January 30, 2015, Plaintiff

11   Restoration Hardware, Inc. assigned all right and title to Registration No. 4,353,085, together

12   with the RH RESTORATION HARDWARE® (stylized) trademark and all goodwill associated

13   with that trademark, to Plaintiff RH US, LLC, a wholly owned subsidiary of Plaintiff Restoration

14   Hardware, Inc.  On March 9, 2015, RH US, LLC filed a request to record the assignment with the

15   U.S. Patent and Trademark Office.

16          18.    The RH BABY & CHILD® trademark is registered for "retail store services,

17   catalog mail-order services, and online retail store services featuring a wide range of consumer

18   goods, namely, furniture, lighting, bath ware, bath linens, bedding, home renovation products,

19   namely, interior paint, window coverings, floor coverings, home decor and accessories, toys,

20   games, apparel, slippers and booties, paper goods, memorabilia, and gifts; advertising services for

21   others, namely, market research for others and promoting the sale of goods and services of others

22   through the dissemination of information via the internet, through the use of in-store displays and

23   through the distribution of catalogs; issuing gift certificates which may then be redeemed for

24   goods or services; gift registry services" under U.S. Trademark Registration No. 4,719,149,

25   which issued on April 14, 2015.  The application that matured into Registration No. 4,719,149

26   was filed on March 27, 2014 by Plaintiff Restoration Hardware, Inc.  On January 30, 2015,

27   Plaintiff Restoration Hardware, Inc. assigned all right and title to Registration No. 4,719,149

28   together with the RH BABY & CHILD® trademark and all goodwill associated with that

1  trademark, to Plaintiff RH US, LLC, a wholly owned subsidiary of Plaintiff Restoration

2  Hardware, Inc.  On September 15, 2015, RH US, LLC filed a request to record the assignment

3  with the U.S. Patent and Trademark Office.

4        19.    Restoration Hardware owns trademark application Serial No. 86/646,175 for RH

5  MODERN for "furniture, namely, beds, chairs, couches, benches, ottomans, love seats, sofas,

6  sleeper sofas, beds, daybeds, cribs, dressers, nightstands, chaise lounges, lounge chairs, side

7  chairs, arm chairs, dining chairs, bean bag chairs, coffee tables, side tables, console tables, dining

8  tables, occasional tables, baby changing tables, baby changing mats, bookcases, furniture chests,

9  armoires, desks, sideboards, cabinets, media cabinets, and travelling trunks for use as tables;

10  pedestals; stools; non-metal step stools; outdoor furniture; fitted fabric furniture covers; cushions;

11  pillows; floor pillows; bed pillows; bolsters; mattresses; mattress toppers, namely, feather beds;

12  kneelers for gardening; sleeping bags; bassinets; bathroom furniture, namely, mirrors, cabinets,

13  washstands, medicine cabinets, cupboards, shelving, bathroom vanities, etageres, towel stands,

14  bath stools, bath carts, shower curtain rods; picture frames; bulletin boards; dressmaker's

15  dummies; drapery hardware, namely, curtain rods, curtain hooks and finials; window shades; wall

16  decor, namely, shelving and mirrors; coat racks; magazine racks; towel racks; luggage racks in

17  the nature of furniture; wine racks; display racks; metal racks for storing firewood; decorative

18  boxes made of wood; wood garden and household ornaments; decorative wood panels; cast resin

19  garden and household ornaments; drawer pulls of glass, porcelain, and earthenware; and non-

20  metallic plant markers; Works of art made of wood."  Application Serial No. 86/646,175 was

21  filed on May 29, 2015 in the name of Plaintiff RH US, LLC.

22        20.    Restoration Hardware owns trademark application Serial No. 86/646,177 for RH

23  MODERN for "mail order catalog and online retail store services featuring a wide variety of

24  consumer goods in the field of home furnishings, namely, furniture, faucets, tubfills, shower

25  systems, sinks, lighting fixtures, plumbing fixtures, towel bars, mirrors, shower heads, shower

26  rods, shower baskets, cabinet hardware."  Application Serial No. 86/646,177 was filed on May

27  29, 2015 in the name of Plaintiff RH US, LLC.

28

21.     Restoration Hardware owns trademark application Serial No. 86/646,178 for RH TEEN for "mail order catalog and online retail store services featuring a wide variety of consumer goods in the field of home furnishings, namely, furniture, lighting, linens, bedding, home renovation products, namely, interior paint, window coverings, floor coverings, home decor and accessories, toys, games, apparel, slippers and booties, paper goods, memorabilia, and gifts." Application Serial No. 86/646,178 was filed on May 29, 2015 in the name of Plaintiff RH US, LLC.

22.     Restoration Hardware owns trademark application Serial No. 86/643,274 for RH TEEN for "furniture, namely, beds, chairs, couches, benches, ottomans, loveseats, sofas, sleeper sofas, beds, daybeds, cribs, dressers, nightstands, ottomans, chaise lounges, lounge chairs, side chairs, arm chairs, dining chairs, bean bag chairs, coffee tables, side tables, console tables, dining tables, occasional tables, bookcases, furniture chests, armoires, desks, sideboards, cabinets, media cabinets, and travelling trunks for use as tables; pedestals; stools; non-metal step stools; outdoor furniture; fitted fabric furniture covers; cushions; pillows; floor pillows; bed pillows; bolsters; mattresses; mattress toppers, namely, feather beds; kneelers for gardening; sleeping bags; bassinets; picture frames; bulletin boards; dressmaker's dummies; drapery hardware, namely, curtain rods, curtain hooks and finials; window shades; wall decor, namely, shelving and mirrors; coat racks; magazine racks; towel racks; shower racks; luggage racks in the nature of furniture; display racks; metal racks for storing firewood; decorative boxes made of wood; wood household ornaments; decorative wood panels; cast resin household ornaments."  Application Serial No. 86/643,274 was filed on May 27, 2015 in the name of Plaintiff RH US, LLC.

23.     Restoration Hardware also holds all rights, title, and interest in all images, artwork, graphics, and photographs displayed on Restoration Hardware's websites and in its source books, which represent a readily recognizable aesthetic, closely associated with Restoration Hardware, and comprise the Restoration Hardware On-line and Source Book Trade Dress.

24.     Due to Plaintiffs' substantial and continuous promotion of the Restoration Hardware Marks through its source books, retail stores, and websites, and due to Plaintiffs' substantial and continuous promotion of the Restoration Hardware On-line and Source Book

Trade Dress through its source books and websites, Restoration Hardware and the Restoration Hardware Marks have achieved widespread commercial success and industry recognition in the United States and Canada, with 2014 revenues in excess of $1.9 billion.

25.     As a result of these successes, the Restoration Hardware Marks and the Restoration Hardware On-line and Source Book Trade Dress are widely recognized by customers as identifying and distinguishing Restoration Hardware's distinctive products and source books, retail stores, and online retail services.  Restoration Hardware owns the substantial and valuable goodwill associated with the Restoration Hardware Marks and the Restoration Hardware On-line and Source Book Trade Dress.

26.     As a result, Restoration Hardware, the Restoration Hardware Marks, the Restoration Hardware On-line and Source Book Trade Dress, and Restoration Hardware's associated products and services are well known in the home decor and furnishings marketplace in the United States.  Consumers and competitors alike throughout the United States have come to recognize Restoration Hardware's marks, including, but not limited to the Restoration Hardware Marks and the Restoration Hardware On-line and Source Book Trade Dress, as symbols of Restoration Hardware's high-quality products and retail services.

<strong>DEFENDANT'S BUSINESS AND WRONGFUL CONDUCT</strong>

27.     Houzz makes unlawful use of Plaintiffs' trademarks, trade dress, product images, and goodwill in the following manner:

**A.     Promoting Non-Restoration Hardware Products as "Restoration Hardware" Products Using the Restoration Hardware Marks**

28.     Houzz operates a website at Houzz.com that features information on home decor and interior design, such as in the "Find Pros" section of the website (http://www.houzz.com/professionals/).  The Houzz.com website also sells interior design and home decor products in the "Shop" section of the website (http://www.houzz.com/photos/products).

29.     On information and belief, approximately 25 million unique users visit Houzz.com each month.

30.     Through its Houzz.com website, Houzz advertises for sale as "Restoration

Hardware" products, products that are not made or sold by Restoration Hardware.

31.     For example, if a visitor to Houzz.com searches for the term "Restoration

Hardware" using the "Shop" field in the search bar supplied by the website, 3,978 unique results

are displayed as "'Restoration Hardware' in Products" as of January 21, 2016, as shown below:



32.     Of the 36 results displayed on the first page of the search results, only 1 depicts a

genuine RESTORATION HARDWARE product.  Only 7 products of the 36 results on the second

page of the search results depict genuine RESTORATION HARDWARE products.  And none of

the 36 results on the third page of the search results depict genuine RESTORATION

HARDWARE products.  The clear majority of these search results for "Restoration Hardware,"

which number in the thousands, feature non-Restoration Hardware products.  Although Houzz

has added quotation marks around "Restoration Hardware" on the results page, this does not

rectify the fundamental issue: that Houzz is listing non-Restoration Hardware products as

Restoration Hardware products.  Yet all are described by Houzz and offered for sale under the

description "'Restoration Hardware' in Products," and Houzz, on information and belief, will

1  receive a 15% commission for each sale of a product falsely advertised as a "Restoration

2  Hardware" product.

3      33.    For example, none of the three items shown below are made or sold by Restoration

4  Hardware, yet they all show up in response to a search on Houzz.com for "Restoration Hardware"

5  in the "Shop" field of the search bar:

  

 

16      34.    On information and belief, approximately 150 of the listings of non-Restoration

17  Hardware products in the search results for "Restoration Hardware" in "Shop" even specifically

18  contain the words "Restoration Hardware" in the product name or product description although

19  they are not from Restoration Hardware.  For example, the following non-Restoration Hardware

20  product includes "Restoration Hardware" in the product name:

  

35.     On information and belief, hundreds, if not thousands, of non-Restoration Hardware products are available for purchase through Houzz.com and are being advertised by Houzz.com as "'Restoration Hardware' in Products."

36.     Another example of a "Restoration Hardware" product advertised by Houzz in the search results for "Restoration Hardware" in "Shop" that is not an actual Restoration Hardware product is a product listing for a "New Restoration Hardware Inspired Bathroom Vanity" (available at http://www.houzz.com/photos/6721180/New-Restoration-Hardware-Inspired-Bathroom-Vanity-craftsman-bathroom-vanities-and-sink-consoles-houston (a true and correct print copy of which is attached as Exhibit A)).  This vanity is not a product that is made or sold by Restoration Hardware, yet Houzz includes this product in Houzz's list of results titled "'Restoration Hardware' in Products."

37.     Similar results are observed when a Houzz.com user enters searches in the "Shop" field of the Houzz.com search bar for "RH Modern," "RH Baby & Child," "RH," and "RH Teen," all of which are Restoration Hardware brands.  As of January 21, 2016, a search for "RH Modern" in "Shop" identifies "380 RH Modern Products"; a search for "RH Baby &Child" identifies "13 RH Baby & Child Products"; a search for "RH" identifies "3,171 RH Products"; and a search for "RH Teen" identifies "1 RH Teen Products."  The majority of the results are non-Restoration Hardware Products.  Unlike the results for  a search of "Restoration Hardware" in "Shop," these results do not display "RH Modern," "RH Baby & Child," "RH," or "RH Teen" in quotation marks, but rather display the results as "RH Modern Products," "RH Baby & Child Products," "RH Products," and "RH Teen Products," for example as shown below:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



All Products / "RH Modern" ×

## 380 RH Modern Products

| Style ▾ | Price ▾ | Buying Options ▾ |

1 - 36 of 380 products >

Premier Copper Products RH4 Hand Hammered Copper Quadruple Robe
$74

Industrial Modern Contemporary Kitchen Wood Metal Dining Table
$897 $582

Industrial Modern Contemporary Dining Kitchen Wood Metal Bar Stool
$329 $217

16    38.    In many cases, the products advertised on the Houzz.com website as "Restoration

17  Hardware" products appear to be knock-offs of products sold by Restoration Hardware.

18    39.    To illustrate, if one were to search the Houzz.com website using the "Shop"

19  feature in the search bar and using the keywords "Restoration Hardware" as of January 20, 2016,

20  the search results would include product listings for an "Odeon Crystal Fringe" chandelier

21  available from the third-party seller "Gallery."

22    40.    On information and belief, the Odeon chandeliers sold by Gallery are relatively

23  inexpensive copies of Restoration Hardware's similarly-styled 1920s Odeon Clear Glass Fringe

24  chandelier.  (Compare the image located at

25  https://www.restorationhardware.com/catalog/product/product.jsp?productId=prod2111651  (a

26  true and correct print copy of which is attached as Exhibit B) with the image located at

27  http://www.houzz.com/photos/6286084/Odeon-Crystal-Fringe-3-Tier-Chandelier-traditional-

28  chandeliers (a true and correct a print copy of which is attached as Exhibit C).)

41.     Including the so-called Odeon chandelier sold by Gallery in a specific search for "Restoration Hardware" in "Shop" is highly likely to confuse or deceive Houzz.com users who may be searching for a genuine Odeon chandelier from Restoration Hardware into purchasing the knock-off Odeon chandelier from Gallery.

42.     Even genuine Restoration Hardware products, such as the Deconstructed Shelter Arm Chair shown below, have been used to further the sale of non-Restoration Hardware products:



43.     Specifically, once a user clicks on the Deconstructed Shelter Arm Chair link, he or she is taken to a page that features photographs of both the Restoration Hardware Deconstructed Shelter Arm Chair and of products which are *not* sold by Restoration Hardware, as shown below:

1
2
3
4
5
6
7
8
9
10
11
12
13





14   44.   When a user clicks on the photographs to the right of the Deconstructed Shelter

15   Arm Chair, he or she is taken to third-party web pages and only then is the user likely to realize

16   that the products are not Restoration Hardware products.

17   45.   There is nothing on the Houzz.com website explaining to users why so many non-

18   Restoration Hardware products show up in search results for Restoration Hardware products, but

19   one website designer was told by a Houzz sales representative that when the word "sponsored"

20   appears in the bottom right corner of a listing, it "indicates the architect or designer is paying for

21   promotion.  Houzz can position you on their site for better recognition in the regions where you

22   want more opportunity.  You will also notice that sponsored users are placed before and after

23   every non-paying Houzz user."  *See*

24   http://kristinmayfieldmeredithat.blogspot.com/2014/03/should-i-pay-premium.html.  On

25   information and belief, Houzz charges hundreds to thousands of dollars a year for such premium

26   listings, and those payments influence where products are placed both in the sponsored listings

27   and in the "Shop" itself—leading to hundreds of non-Restoration Hardware products being placed

28   before genuine Restoration Hardware products in the Shop results.

46.     Moreover, at the bottom of each "Restoration Hardware" page of "Shop" results, there are sponsored advertisements that lead to third-party websites, such as Overstock.com, Hayneedle, and Zuri Furtniture, which are not associated with Restoration Hardware and which are not selling Restoration Hardware products.

**B.     Using the Restoration Hardware Marks in "Product Tags" and "Key Words"**

47.     In addition to the "sponsorship" feature, it appears that many of the above-described search results where non-Restoration Hardware Products appear in the search for "Restoration Hardware" using the "Shop" function may have been generated due to the application of "product tags" and "key words" that contain Restoration Hardware's trademarks. For example, the product Katherine Bath Vanity, Carrara/White, 72", Double (shown at http://www.houzz.com/photos/22076584/Katherine-72-Double-Sink-Bath-Vanity-Carrara-White-traditional-bathroom-vanities-and-sink-consoles) is clearly not a Restoration Hardware product and is not sold by Restoration Hardware, but it shows up in search results for "Restoration Hardware" in "Shop," no doubt because "Restoration Hardware" is included in the keywords associated with that product, as shown below:

| Keywords | ari kitchen bath · bathroom vanity · Bianco Carrara · birch · brushed nickel faucets · brushed nickel fixtures · brushed nickel hardware · cabinet · Carrara marble · carrera · ceramic sink · chrome · design element · Fresca · Marble Countertop · natural stone · oak · porcelain sink · Pottery Barn · Restoration Hardware · ronbow · solid wood · virtu · Virtu USA |
|---|---|

48.     On information and belief, there have been nearly 1,200 listings on Houzz of non-Restoration Hardware products that include "Restoration Hardware" as a keyword.

**C.     False and Deceptive Advertising Using Restoration Hardware's Product Images**

49.     On information and belief, Houzz advertises non-Restoration Hardware products by using highly recognizable images from Restoration Hardware's website and/or source books.

1   In some instances, Houzz.com displays a Restoration Hardware image adjacent to a product

2   listing that falsely states that the product is sold by a third party, not by Restoration Hardware.

3       50.     For example, Houzz.com's "Photos" section features an image of a chandelier

4   listed under the name "Restoration / Urban Lighting."  The associated image is taken from

5   Restoration Hardware's website, depicting Restoration Hardware's Harlow Crystal Chandelier,

6   which is available for purchase on Restoration Hardware's website and in its source books.  (To

7   illustrate, compare the image located at

8   https://www.restorationhardware.com/catalog/product/product.jsp?productId=prod2990767&cate

9   goryId=cat5700009 (a true and correct print copy of which is attached as Exhibit D) with the

10  image located at http://www.houzz.com/photos/17398040/RESTORATION-URBAN-

11  LIGHT1NG-industrial-new-york (a true and correct print copy of which is attached as Exhibit

12  E).)

13      51.     The image of the Harlow Crystal Chandelier is highly recognizable as Restoration

14  Hardware's.  First, the design of the chandelier itself, at once refined and substantial, illustrates

15  Restoration Hardware's aesthetic.  Second, the product is uniquely displayed against a dark and

16  dimly lit background in a recognizable contrast to the more common depictions used by other

17  retailers of home furnishings who use bright or light backgrounds.  This distinctive approach to

18  displaying furniture and home decor products is commonly used for Restoration Hardware

19  products, comprises the Restoration Hardware On-line and Source Book Trade Dress, and is

20  strongly associated with the Restoration Hardware brand.

21      52.     As a result of the distinctive appearance of the Harlow Crystal Chandelier in this

22  image, purchasers and potential purchasers of the product advertised on Houzz.com using this

23  image are likely to be deceived into thinking that the advertised product is a Restoration

24  Hardware product, if not the actual Harlow Crystal Chandelier sold by Restoration Hardware.

25      53.     This deception is likely to influence potential customers to purchase the product

26  depicted on Houzz.com.  However, when prospective purchasers attempt to navigate to the store

27  to complete the purchase, they are directed to a third-party site, http://lightingworldlqd.com,

28  which does not actually sell the Harlow Crystal Chandelier.

54.     Houzz's practice of using a recognizable image of a Restoration Hardware product to promote the sale of non-Restoration Hardware products constitutes false advertising and misrepresents the nature, characteristics, and qualities of Houzz.com's product offerings.

55.     On information and belief, Houzz intends for Houzz.com site users to draw a connection between the well-known and extremely successful Restoration Hardware brand and non-Restoration Hardware products, to Houzz's commercial benefit.

56.     As a result of this false advertisement, potential purchasers of Restoration Hardware products are likely to be deceived by the appearance of an affiliation, connection, or association between the highly recognizable Restoration Hardware images displayed on the Houzz.com website and Restoration Hardware.

57.     In another example, Houzz.com's online "Shop" contains a product listing that displays a recognizable Restoration Hardware image of Restoration Hardware's Welles Clear Crystal Rectangular Chandelier 60".

58.     The Restoration Hardware image of the Welles Clear Crystal Rectangular Chandelier 60" evokes Restoration Hardware's unique and recognizable aesthetic, which marries vintage and industrial design elements and comprises the Restoration Hardware On-line and Source Book Trade Dress.  This image is featured on Restoration Hardware's website, where the Welles Clear Crystal Rectangular Chandelier 60" is available for purchase at the following link: https://www.restorationhardware.com/catalog/product/product.jsp?productId=prod2700606 (a true and correct print copy of which is attached as Exhibit F).

59.     The image on the Houzz.com product listing for Alan Mizrahi Lighting (http://www.houzz.com/photos/14774292/New-line-2014-new-york (a true and correct print copy of which is attached as Exhibit G)) appears identical to the image from Restoration Hardware's website.  The Houzz.com product listing falsely states that the depicted Restoration Hardware chandelier is "sold by" Alan Mizrahi Lighting ("Alan Mizrahi").  Alan Mizrahi is not a supplier or authorized distributor of Restoration Hardware products and has no affiliation with either Plaintiff.

1    60.    Houzz.com directs website users who are interested in purchasing this chandelier

2  to the third-party website for Alan Mizrahi (www.alanmizrahi.com), rather than linking to

3  RestorationHardware.com.

4    61.    The actual Welles Clear Crystal Rectangular Chandelier 60" is available for

5  purchase from Restoration Hardware for $4,695.  In comparison, the above-referenced

6  Houzz.com advertisement for Alan Mizrahi depicting the Restoration Hardware chandelier

7  deceptively states that the chandelier is available for purchase for only $1,380, encouraging

8  Houzz.com users to purchase lighting products from Alan Mizrahi instead of Restoration

9  Hardware.

10    62.    In the same manner, Houzz.com falsely advertises other chandeliers sold by

11  Restoration Hardware, incorrectly identifying Alan Mizrahi as the seller of products depicted in

12  Restoration Hardware images.  Other Restoration Hardware chandeliers that are falsely advertised

13  in connection with Alan Mizrahi products in the same manner as the Welles Clear Crystal

14  Rectangular Chandelier 60" include, but are not limited to, the following products: the Harlow

15  Crystal Chandelier 31", the Rhys Smoke Glass Prism Round Chandelier 43", and the 1920s

16  Odeon Smoke Glass Fringe Rectangular Chandelier 59".

17    63.    Houzz's use of these recognizable Restoration Hardware images misrepresents the

18  nature, characteristics, and qualities of Houzz.com's product offerings from Alan Mizrahi.  Alan

19  Mizrahi's actual product offerings on Houzz.com appear to be markedly different from

20  Restoration Hardware's lighting products in terms of their aesthetic.

21    64.    On information and belief, Houzz intends for Houzz.com site users to draw a

22  connection between the well-known and extremely successful Restoration Hardware On-line and

23  Source Book Trade Dress and Alan Mizrahi's products, to Houzz's commercial benefit.

24    65.    The image shown below, which was copied from the Restoration Hardware

25  website and Source Book, displays a Restoration Hardware drawer pull called the Quincy Pull,

26  which is sold by Restoration Hardware, but the Houzz.com website states that the Quincy Pull is

27  "sold by" Rebekah Zaveloff | KitchenLab, when it is not.

28

1
2
3
4
5
6
7



8      66.    If a user clicks on the "sold by" link, he or she is taken to a Houzz.com page for
9  Rebekah Zaveloff | KitchenLab, where the Quincy Pull is not sold.

10      67.    By using copies of highly recognizable images taken from Restoration Hardware's
11  website and source books, which comprise the Restoration Hardware On-line and Source Book
12  Trade Dress, and claiming that those products are sold by third parties when they are not, Houzz
13  is engaging in false advertising.  Further, by routing potential purchasers to the website of sellers
14  of non-Restoration Hardware products, Houzz thwarts or otherwise discourages these potential
15  purchasers from purchasing actual Restoration Hardware products.

16      68.    As a result of this false advertisement, potential purchasers of Restoration
17  Hardware products are likely to be deceived by the appearance of an affiliation, connection, or
18  association between Houzz.com's product listings for sellers like Urban Lighting, Alan Mizrahi,
19  and Rebekah Zaveloff | KitchenLab, on the one hand, and Restoration Hardware, on the other.

20      **D.     Other Deceptive and Infringing Practices**

21      69.    In addition to its e-commerce functionality, Houzz.com features publicly available
22  profiles for industry professionals, such as architects, general contractors, and design firms.
23  Houzz.com refers to these professionals as "pros."

24      70.    On information and belief, on or around November 16, 2011, Houzz created a
25  "pro" profile for Restoration Hardware without obtaining permission from, or otherwise
26  providing advance notice to, Restoration Hardware.  The profile page for Restoration Hardware

27

28

1  (available at http://www.houzz.com/pro/restorationhardware/restoration-hardware) contained a

2  poor quality image of Restoration Hardware's logo, as shown below:



14  It also contained an excerpt from Restoration Hardware's website, reprinted without Restoration

15  Hardware's permission, as well as links to hundreds of images of Restoration Hardware products

16  that appear to have been obtained from Restoration Hardware's website and/or source books.  A

17  true and correct copy of the unauthorized Houzz "pro" profile for Restoration Hardware is

18  attached hereto as Exhibit H.

19       71.     Houzz also populated this Restoration Hardware "pro" profile page with links to

20  over 1,000 images copied from Restoration Hardware's website and source books.  As a result of

21  Houzz's creation of this "pro" profile and unauthorized display of more than 1,000 Restoration

22  Hardware images, Restoration Hardware appears to endorse or sponsor Houzz's services, when it

23  has not:



72.     At no time did Restoration Hardware authorize Houzz to set up a profile on Restoration Hardware's behalf, reproduce its logo, copy its images, or link to its products—all of which was presented in a fashion that would mistakenly cause consumers to believe that the profile was created and maintained by Restoration Hardware and that Restoration Hardware endorsed or sponsored Houzz's services.

73.     Upon discovering its "pro" profile and the infringing content this profile contained in fall 2014, Restoration Hardware contacted Houzz and demanded control over the profile.  The account was finally effectively transferred to Restoration Hardware on March 16, 2015.

74.     Restoration Hardware recently discovered a similar "pro" page titled "Restoration Hardware Baby & Child" (located at http://www.houzz.com/pro/rhbabyandchild/restoration-hardware-baby-and-child (a true and correct print copy of which is attached as Exhibit I)).  This page contains 220 photos, many of which are Restoration Hardware photos.  Restoration Hardware did not authorize Houzz to set up this profile on Restoration Hardware's behalf or to reproduce its photos.

75.     Further, Houzz has created up to fourteen additional pages identified as Restoration Hardware "pro" pages apparently based upon information received from Restoration Hardware associates when they create individual Houzz accounts.  These pages are located by a search for "Restoration Hardware" in "Users."  These pages are not set up at the request of

1    Restoration Hardware or, on information and belief, at the request of Restoration Hardware

2    employees in most instances, but these pages' presence on the Houzz website suggest that there is

3    a strong relationship between Restoration Hardware and Houzz and that Restoration Hardware is

4    endorsing Houzz's services when it has not.

5    76.    In addition to searching "Shop" and "Users," Houzz.com permits users to search in

6    the categories of "Stories," "Find a Pro," "Advice," and "Photos."  Searches in those categories

7    are as problematic as searches within the "Shop" and "Users" categories.  For example, a search

8    conducted by a user in the San Francisco Bay Area for "Restoration Hardware" in "Find a Pro,"

9    and likewise under the "Find Pros" section of the website, results in "41 San Francisco, CA

10   Restoration Hardware in Home Improvement Pros," with listings for such third parties as Fautt

11   Homes, Cooke Furniture, Centoni Restoration & Development, and Shine Rugs showing up first

12   in the search results, as well as numerous third-party listings on the second and third pages.  None

13   of these companies is associated with Restoration Hardware.  The search results vary depending

14   on where the user is located when he or she conducts the search, as the website provides results

15   only in a certain geographical area depending on the location of the user.

16   **PLAINTIFFS' EFFORTS TO DEFEND THEIR INTELLECTUAL PROPERTY RIGHTS
     AND GOODWILL**

17

18   77.    In an effort to resolve its substantial concerns about Houzz's use of its intellectual

19   property, Restoration Hardware sent a detailed letter dated February 24, 2015 to Houzz's

20   President and Chief Executive Officer asking Houzz to cease Houzz's unauthorized use of the

21   Restoration Hardware Marks.

22   78.    Restoration Hardware's February 24, 2015 letter also specifically asked Houzz to

23   remove images sourced from Restoration Hardware's websites and source books to advertise non-

24   Restoration Hardware products on Houzz.com, such as those products "sold by" Alan Mizrahi,

25   Urban Lighting, and Rebekah Zaveloff | KitchenLab.

26   79.    In response to the February 24, 2015 letter, Houzz sent a general response via

27   email recommending that Restoration Hardware submit individual "takedown" requests in

28

1    connection each individual instance of suspected copyright infringement, pursuant to the

2    provisions of the Digital Millennium Copyright Act.

3        80.    Houzz's response failed entirely to address Restoration Hardware's requests,

4    including the issues of Houzz's unauthorized use of the Restoration Hardware Marks, Houzz's

5    promotion of products as "Restoration Hardware Products" when they are not products that are

6    made or sold by Restoration Hardware, and other unfair, false, and deceptive advertising practices

7    described in the letter.

8        81.    Restoration Hardware responded to Houzz on July 20, 2015 to express the

9    insufficiency of Houzz's response.  Restoration Hardware enclosed an advance copy of a

10   complaint that it intended to file in order to give Houzz the opportunity to review the complaint

11   and to make appropriate changes to Houzz's website before Restoration Hardware initiated legal

12   proceedings.  While Houzz made some changes to its website, it continues to infringe and in fact

13   has expanded its infringement.

14       82.    For example, after Restoration Hardware sent the February 24, 2015 letter, Houzz

15   added quotation marks to "Restoration Hardware" on the search results page when a user searches

16   for "Restoration Hardware" in "Shop."  This change, however, failed to address the real issue,

17   which is that Houzz lists non-Restoration Hardware products under the search results for

18   "Restoration Hardware" in "Shop."  Moreover, the addition of the quotation marks is in fact

19   misleading because it suggests to users that the phrase "Restoration Hardware" in its entirety

20   appears in every search result displayed, meaning that the products being displayed are actual

21   Restoration Hardware products, when in fact that is not true.

22       83.    There have been other violations of the Restoration Hardware Marks on the

23   Houzz.com website in the past that are not currently on the website, but, because the website is

24   constantly changing, could appear again at any point in time.  For example, for a period of time in

25   2015, if a visitor to Houzz.com searched for the term "Restoration Hardware" using the search

26   bar supplied by the website, among the results for this search was a link entitled "Restoration

27   Hardware Products You May Like."  This link was located above five thumbnail images of

28

different items of home furniture that appeared to be available for purchase through Houzz.com, which appeared as below on July 20, 2015:



84.     Although the "You May Like" language suggests to website visitors that the displayed images were selected specifically because they pertain to the RESTORATION HARDWARE brand, none of the five images displayed are genuine RESTORATION HARDWARE products.

### HARM TO PLAINTIFFS AND TO PLAINTIFFS' MARKS AND GOODWILL

85.     On information and belief, Houzz's customers and website users are likely to consist of persons who are already familiar with the Restoration Hardware brand and the products offered under Plaintiffs' Restoration Hardware Marks.

86.     On information and belief, Houzz offers and distributes the products advertised on Houzz.com through channels of trade that overlap with those used by Restoration Hardware to offer and distribute its RESTORATION HARDWARE® products, including, specifically, e-commerce.  Restoration Hardware and Houzz directly compete for customers in the home decor and furnishings marketplace.

87.     On information and belief, Houzz's unauthorized use of marks consisting of or incorporating the Restoration Hardware Marks has caused and is likely to continue to cause confusion or mistake or deception, now and in the future, as to the origin, source, and sponsorship of the "Restoration Hardware Products," "RH Products," "RH Baby & Child Products," and "RH Teen Products" offered for sale on Houzz.com.

88.     Houzz's use and promotion of the Restoration Hardware Marks and images representing the Restoration Hardware On-line and Source Book Trade Dress to market furniture,

home decor and related consumer products that are competing with and/or closely related to

Restoration Hardware's furniture, home decor, and related consumer products have resulted in

and will continue to result in incalculable harm to Restoration Hardware, because of a likelihood

of confusion among customers and injury to Restoration Hardware's reputation.

89.     On information and belief, Houzz's use of Restoration Hardware images depicting

Restoration Hardware products to promote and sell non-Restoration Hardware products has

caused and is likely to continue to cause confusion or mistake or deception, now and in the future,

as to the nature, characteristics, and qualities of the products offered for sale on Houzz.com.

90.     Houzz's conduct is ongoing and will continue unless restrained by the Court.

Unless Houzz is enjoined from making false representations about the Restoration Hardware

products and removes all misleading statements (including images) from its website and

advertising materials, Restoration Hardware will suffer irreparable injury and further harm,

including through loss of goodwill, reputation, market share, and revenue.  Restoration Hardware

has no adequate remedy at law.

## **FIRST CAUSE OF ACTION**

### **Trademark Infringement Under 15 U.S.C. § 1114**

### **(Plaintiff RH US, LLC Against Defendant)**

91.     Plaintiffs repeat and reallege each allegation set forth in paragraphs 1 through 90

above as if fully set forth herein.

92.     The acts of Defendant described above constitute trademark infringement in

violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

93.     Plaintiff RH US, LLC has valid and protectable registered rights in the registered

RESTORATION HARDWARE® and RH BABY & CHILD® marks since substantially prior to

Defendant's first use of the RESTORATION HARDWARE® marks and RH BABY & CHILD®

to identify home decor and furnishings available for purchase on Houzz.com.

94.     On information and belief, Defendant had actual knowledge of Plaintiff RH US,

LLC's ownership and use of the RESTORATION HARDWARE® and RH BABY & CHILD®

marks prior to Defendant's adoption and use of the RESTORATION HARDWARE® and RH

1    BABY & CHILD® marks in connection with the promotion and sale on Houzz.com of home

2    decor and furnishings that are not made or sold by Restoration Hardware.

3         95.    Plaintiff RH US, LLC has not authorized Defendant to use the RESTORATION

4    HARDWARE® or RH BABY & CHILD® marks in connection with the promotion and sale on

5    Houzz.com of home decor and furnishings that are not made or sold by Restoration Hardware.

6         96.    Defendant's unauthorized use and promotion of the RESTORATION

7    HARDWARE® and RH BABY & CHILD® marks are likely to cause confusion, mistake, or

8    deception on the part of consumers as to the source, nature, and quality of the products Defendant

9    is promoting or offering under the RESTORATION HARDWARE® and RH BABY & CHILD®

10   marks, constituting trademark infringement in violation of 15 U.S.C. § 1114.

11        97.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiff RH

12   US, LLC has been, is now, and will be irreparably injured and damaged by Defendant's

13   aforementioned acts, and unless Defendant is enjoined by the Court, Plaintiff RH US, LLC will

14   suffer further harm to the Restoration Hardware name, reputation, and goodwill.  This harm

15   constitutes an injury for which Plaintiff RH US, LLC has no adequate remedy at law.

16        98.    On information and belief, Defendant has acted willfully to usurp Plaintiff RH US,

17   LLC's rights, and Defendant should be held liable to Plaintiff RH US, LLC for treble damages

18   and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

19                           **SECOND CAUSE OF ACTION**

20               **False Designation of Origin Under 15 U.S.C. § 1125(a)(1)(A)**

21                          **(Plaintiffs Against Defendant)**

22        99.    Plaintiffs repeat and reallege each allegation set forth in paragraphs 1 through 98

23   above as if fully set forth herein.

24        100.   The acts of Defendant described above constitute unfair competition and false

25   designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

26        101.   Plaintiff RH US, LLC has valid and protectable rights in the Restoration Hardware

27   Marks since substantially prior to Defendant's first use of the Restoration Hardware Marks to

28   identify home decor and furnishings available for purchase on Houzz.com.

102.     Plaintiff Restoration Hardware, Inc. is licensed to use the Restoration Hardware Marks in connection with furniture and home decor and through source books, retail stores, and websites.

103.     On information and belief, Defendant had actual knowledge of Plaintiff RH US, LLC's ownership and Plaintiff Restoration Hardware, Inc.'s use of the Restoration Hardware Marks prior to Defendant's adoption and use of the Restoration Hardware Marks in connection with the promotion and sale on Houzz.com of home decor and furnishings that are not made or sold by Restoration Hardware.

104.     Restoration Hardware has not authorized Defendant to use the Restoration Hardware Marks in connection with the promotion and sale on Houzz.com of home decor and furnishings that are not made or sold by Restoration Hardware.

105.     Defendant's unauthorized use and promotion of the Restoration Hardware Marks is likely to cause consumers to believe that there is a relationship between Defendant and Plaintiffs and/or that Defendant's products are associated with or come from Plaintiffs and such association constitutes false designation of origin, in violation of 15 U.S.C. § 1125(a).

106.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs have been, are now, and will be irreparably injured and damaged by Defendant's aforementioned acts, and unless Defendant is enjoined by the Court, Plaintiffs will suffer further harm to Restoration Hardware's name, reputation, and goodwill.  This harm constitutes an injury for which Plaintiffs have no adequate remedy at law.

107.     On information and belief, Defendant has acted willfully to usurp Plaintiffs' rights, and Defendant should be held liable to Plaintiffs for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

### THIRD CAUSE OF ACTION

### False Advertising Under 15 U.S.C. § 1125(a)(1)(B)

### (Plaintiffs Against Defendant)

108.     Plaintiffs repeat and reallege each allegation set forth in paragraphs 1 through 107 above as if fully set forth herein.

1    109.    The acts of Defendant described above constitute unfair competition and false

2    advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

3    110.    Defendant has made or conveyed false or misleading statements or messages about

4    its products, which are not Restoration Hardware products, by advertising them using Restoration

5    Hardware images of Restoration Hardware products, which comprise the Restoration Hardware

6    On-line and Source Book Trade Dress.  Defendant has further made or conveyed false or

7    misleading statements or messages about these products by claiming that they are sold by third

8    parties, when they are not.

9    111.    Defendant's use of Restoration Hardware images, and its false statements

10   regarding both who sells the products shown in the images and how much those products cost,

11   have misled, or have the tendency to mislead, a substantial segment of the home decor and

12   furnishings market.

13   112.    Defendant's use of Restoration Hardware images, and its false statements

14   regarding both who sells the products shown in certain of the images and how much those

15   products cost, are deliberate and intentional misrepresentations of material fact to sell products

16   that are not Restoration Hardware products.

17   113.    Defendant caused its false and misleading statements, comprising its use of

18   Restoration Hardware images and false statements regarding both who sells certain of the

19   products shown in the images and how much those products cost, to enter interstate commerce by

20   displaying and hosting them on its website, Houzz.com.

21   114.    Defendant's false statements and misrepresentations of the nature, characteristics,

22   and qualities of Defendant's commercial activities, through the use of Restoration Hardware

23   images and the false statements regarding both who sells the products shown in certain of the

24   images and how much those products cost, have harmed and are likely to continue to harm

25   Restoration Hardware by diverting business from Restoration Hardware to Houzz, and by

26   discouraging or frustrating potential buyers from consummating sales of actual Restoration

27   Hardware products.

28

115.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs have been, are now, and will be irreparably injured and damaged by Defendant's aforementioned acts, and unless Defendant is enjoined by the Court, Plaintiffs will suffer further harm to Restoration Hardware's name, reputation, and goodwill.  This harm constitutes an injury for which Plaintiffs have no adequate remedy at law.

116.     On information and belief, Defendant has acted willfully to usurp Plaintiffs' rights, with full knowledge of and intent to cause harm to Restoration Hardware, and Defendant should be held liable to Plaintiffs for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## FOURTH CAUSE OF ACTION

### Deceptive, False, and Misleading Advertising

### Under California Bus. & Prof. Code §§ 17500 *et seq.*

### (Plaintiffs Against Defendant)

117.     Plaintiffs repeat and reallege each allegation set forth in paragraphs 1 through 116 above as if fully set forth herein.

118.     Defendant's conduct, described above, constitutes false and misleading advertising under California Business & Professions Code §§ 17500 *et seq*.

119.     Restoration Hardware has valid and protectable rights in the Restoration Hardware Marks and the Restoration Hardware On-line and Source Book Trade Dress since substantially prior to Defendant's first use of the Restoration Hardware Marks and Restoration Hardware images.

120.     On information and belief, Defendant had actual knowledge of Plaintiff RH US, LLC's ownership and Restoration Hardware, Inc.'s use of the Restoration Hardware Marks and the Restoration Hardware On-line and Source Book Trade Dress prior to Defendant's adoption and use of the Restoration Hardware Marks and Restoration Hardware images in connection with the promotion and sale on Houzz.com of home decor and furnishings that are not made or sold by Restoration Hardware.

121.   Restoration Hardware has not authorized Defendant to use the Restoration Hardware Marks or Restoration Hardware images in connection with the promotion and sale on Houzz.com of home decor and furnishings that are not made or sold by Restoration Hardware.

122.   Defendant's unauthorized use of the Restoration Hardware Marks and Restoration Hardware images is likely to cause consumers to believe that there is a relationship between Defendant and Plaintiffs and/or that Defendant's products are associated with or come from Plaintiffs, and such association constitutes false and misleading advertising in violation of California Business & Professions Code §§ 17500 *et seq.*

123.   Defendant has further made or conveyed false or misleading statements or messages about its products, which are not Restoration Hardware products, by advertising them using images of Restoration Hardware products, and, in certain instances, falsely claiming that the Restoration Hardware products are sold by third parties when they are not and misrepresenting how much those products cost.

124.   Defendant's statements have misled, or have the tendency to mislead, a substantial segment of the home decor and furnishings market, into believing that there is a relationship between Defendant and Plaintiffs and/or that Defendant's products are associated with or come from Plaintiffs, and such association constitutes false and misleading advertising in violation of California Business & Professions Code §§ 17500 *et seq.*

125.   Defendant's false and misleading advertising will permit Defendant to capitalize on the strength of Plaintiffs' success, goodwill, and reputation in promoting Plaintiffs' lines of home decor and furnishings.  Further, Defendant's false and misleading advertising has harmed and is likely to continue to harm Restoration Hardware by diverting business from Restoration Hardware to Houzz, and by discouraging or frustrating potential buyers from consummating sales of actual Restoration Hardware products.

126.   As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs have been, are now, and will be irreparably injured and damaged by Defendant's aforementioned acts, and unless Defendant is enjoined by the Court, Plaintiffs will suffer further harm to Restoration

1  Hardware's name, reputation, and goodwill.  This harm constitutes an injury for which Plaintiffs

2  have no adequate remedy at law.

3       127.    On information and belief, Defendant has acted with full knowledge of Plaintiffs'

4  rights and with the intention to usurp such rights and, therefore, its aforementioned acts are

5  willful and intentional.

6                        **FIFTH CAUSE OF ACTION**

7       **Unfair Competition Under California Bus. & Prof. Code §§ 17200 *et seq.***

8                        **(Plaintiffs Against Defendant)**

9       128.    Plaintiffs repeat and reallege each allegation set forth in paragraphs 1 through 127

10  above as if fully set forth herein.

11      129.    Defendant's conduct, described above, constitutes unlawful or fraudulent business

12  acts or practices and as such constitutes unfair competition under California Business &

13  Professions Code §§ 17200 *et seq.*

14      130.    Defendant's conduct constitutes unlawful business acts or practices in that

15  Defendant has engaged in (1) trademark infringement under Section 32 of the Lanham Act,

16  15 U.S.C. § 1114; (2) false designation of origin under Section 43(a) of the Lanham Act,

17  15 U.S.C. § 1125(a)(1)(A); (3) false advertising under Section 43(a) of the Lanham Act,

18  15 U.S.C. § 1125(a)(1)(B); and (4) false and misleading advertising under California Business

19  and Professions Code §§ 17500 *et seq.*

20      131.    Defendant's conduct constitutes fraudulent business acts or practices in that

21  Defendant's trademark infringement, false designation of origin, and false and misleading

22  advertising are likely to mislead or deceive, and have in fact misled and deceived, the public into

23  purchasing or consuming goods they would not otherwise purchase or consume, resulting in

24  Defendant obtaining sales and profits that Plaintiffs should have received.

25      132.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs have

26  been, are now, and will be irreparably injured and damaged by Defendant's aforementioned acts,

27  and unless enjoined by the Court, Plaintiffs will suffer further harm to their name, reputation, and

28  goodwill.  This harm constitutes an injury for which Plaintiffs have no adequate remedy at law.

133.   On information and belief, Defendant has acted with full knowledge of Plaintiffs' rights and with the intention to usurp such rights and, therefore, its aforementioned acts are willful and intentional.

134.   Defendant should be required to restore to Plaintiffs any and all profits earned as a result of its unlawful or fraudulent business acts or practices, or provide Plaintiffs with any other restitutionary relief as the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1.   That judgment be entered in favor of Plaintiffs and against Defendant on each and every Cause of Action of this Complaint;

2.   For entry of an order and judgment requiring that Defendant and its officers, agents, servants, employees, owners, and representatives, and all other persons, firms, or corporations in active concert or participation with them, be enjoined during the pendency of this action and permanently thereafter from (a) using in any manner in the "Shop" feature of the Houzz.com website, the Restoration Hardware Marks, any mark that wholly incorporates any of the Restoration Hardware Marks, or any mark that is confusingly similar to or a colorable imitation of the Restoration Hardware Marks owned by Plaintiffs; (b) using the Restoration Hardware On-line and Source Book Trade Dress images in any manner in the "Shop" feature of the Houzz.com website; (c) doing any act or thing calculated or likely to cause confusion or mistake in the minds of the members of the public or prospective customers as to the source of the products offered or distributed by Defendant, or likely to confuse members of the public, or prospective customers, into believing that there is some connection between Plaintiffs and Defendant or any other entity owned by or associated with Defendant (including, but not limited to, using images of Plaintiffs' products to advertise products that are not Plaintiffs' via the "Shop" feature of Houzz.com, and hosting a "pro" profile falsely attributed to Plaintiffs); (d) otherwise competing unfairly with Plaintiffs in any manner; or (e) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in parts (a) through (d) of this paragraph 2;

1    3.    For entry of an order and judgment directing Defendant, pursuant to

2    15 U.S.C. § 1116(a), to file with this Court and serve upon Plaintiffs within thirty (30) days after

3    entry of the injunction, a report in writing under oath setting forth in detail the manner and form

4    in which Defendant has complied with the injunction and ceased all offering of products under

5    the Restoration Hardware Marks as set forth above via the "Shop" feature of the Houzz.com

6    website;

7    4.    For entry of an order and judgment directing Defendant, pursuant to 15 U.S.C.

8    § 1118, to deliver up for destruction, or to show proof of said destruction or sufficient

9    modification to eliminate the infringing matter, all catalogs, articles, products, displays, labels,

10   circulars, letterhead, business cards, promotional items, clothing, literature, or other matter in the

11   possession, custody, or under the control of Defendant or its agents bearing any of the Restoration

12   Hardware Marks in any manner, or any mark that is confusingly similar to or a colorable

13   imitation of any of the Restoration Hardware Marks, in connection with the sale or promotion of

14   products that are not sold by Restoration Hardware via the "Shop" feature of the Houzz.com

15   website;

16   5.    For a judgment in the aggregate amount of (a) Defendant's profits, (b) Plaintiffs'

17   actual damages, (c) the costs of this action pursuant to 15 U.S.C. § 1117, and (d) restitution

18   and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have

19   been obtained by Defendant as a result of its unlawful and/or fraudulent business acts or

20   practices;

21   6.    That the Court award enhanced damages under 15 U.S.C. § 1117;

22   7.    That the Court award Plaintiffs reasonable attorneys' fees; and

23   8.    That the Court grant such other and further relief as it deems just and proper.

24                                      **DEMAND FOR JURY TRIAL**

25   Restoration Hardware hereby demands trial by jury of all issues so triable under the law as

26   provided by Rule 38(a) of the Federal Rules of Civil Procedure.

27

28

1   Dated: January 26, 2016                    JENNIFER LEE TAYLOR
                                               ANNA FERRARI
2                                              SABRINA A. LARSON
                                               MORRISON & FOERSTER LLP
3

4
                                               By:   *s/ Jennifer Lee Taylor*
5                                                    JENNIFER LEE TAYLOR

6                                              Attorneys for Plaintiffs
                                               RESTORATION HARDWARE, INC.
7                                              and RH US, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28