JENNIFER LEE TAYLOR (CA SBN 161368)
*JTaylor@mofo.com*
ANNA FERRARI (CA SBN 261579)
*AFerrari@mofo.com*
SABRINA A. LARSON (CA SBN 291661)
*SLarson@mofo.com*
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:     415.268.7000
Facsimile:     415.268.7522

Attorneys for Plaintiffs
RESTORATION HARDWARE, INC. and RH US, LLC

JENNIFER A. GOLINVEAUX
*JGolinveaux@winston.com*
DIANA H. LEIDEN
*DHLeiden@winston.com*
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5840
Telephone:     415.591.1506
Facsimile:     415.591.1400

Attorneys for Defendant
HOUZZ INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RESTORATION HARDWARE, INC. and RH US, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>HOUZZ INC.,<br><br>Defendant. | Case No. 4:16-cv-00455-MMC<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>Hon. Maxine M. Chesney<br>Complaint Filed:  January 26, 2016<br>Trial Date:  July 10, 2017 |

**TO THE HONORABLE COURT, THE PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:**

Plaintiffs Restoration Hardware, Inc. and RH US, LLC ("Restoration Hardware") and Defendant Houzz Inc. ("Houzz") (Plaintiff and Defendant are referred to herein as the "parties"), in order to facilitate the exchange of information and documents which may be protected from disclosure by federal laws, state laws, and privacy rights, which may be protected from disclosure by privileges such as alleged trade secret protections, and/or which may be protected from disclosure on the grounds that the documents or information allegedly constitute confidential, financial or other proprietary information, hereby stipulate as follows:

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1 **Challenging Party:**  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 **"CONFIDENTIAL" Information or Items:**  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 **"CONFIDENTIAL – COUNSEL ONLY" Information or Items:** information (regardless of how it is generated, stored or maintained) or tangible things, as defined in Paragraph 2.2, that also contain sensitive business or personal information.

2.4 **Counsel (without qualifier):** Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 **Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL ONLY."

2.6 **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8 **House Counsel:** attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 **Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 **Outside Counsel of Record:** attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11 **Party:** any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    **Producing Party:**  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    **Professional Vendors:**  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    **Protected Material:**  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL ONLY."

2.15    **Receiving Party:**  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal

of all claims and defenses in this action, with or without prejudice; and (2) final judgment

herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

reviews of this action, including the time limits for filing any motions or applications for

extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

      **5.1    Exercise of Restraint and Care in Designating Material for Protection.**

Each Party or Non-Party that designates information or items for protection under this Order

must take care to limit any such designation to specific material that qualifies under the

appropriate standards.  To the extent it is practical to do so, the Designating Party must

designate for protection only those parts of material, documents, items, or oral or written

communications that qualify – so that other portions of the material, documents, items, or

communications for which protection is not warranted are not swept unjustifiably within the

ambit of this Order.

      Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

unnecessarily encumber or retard the case development process or to impose unnecessary

expenses and burdens on other parties) expose the Designating Party to sanctions.  If it comes

to a Designating Party's attention that information or items that it designated for protection do

not qualify for protection, or do not qualify for the level of protection initially asserted, that

Designating Party must promptly notify all other Parties that it is withdrawing the mistaken

designation.

      **5.2    Manner and Timing of Designations.**  Except as otherwise provided in this

Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

ordered, Disclosure or Discovery Material that qualifies for protection under this Order must

be clearly so designated before the material is disclosed or produced.

      Designation in conformity with this Order requires:

            (a)    for information in documentary form (e.g., paper or electronic

documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that

1   the Producing Party affix the legend "CONFIDENTIAL" " or "CONFIDENTIAL –

2   COUNSEL ONLY" to each page that contains protected material.  If only a portion or

3   portions of the material on a page qualifies for protection, the Producing Party also must

4   clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins)

5   and the level of protection being asserted.

6          A Party or Non-Party that makes original documents or materials available for

7   inspection need not designate them for protection until after the inspecting Party has indicated

8   which material it would like copied and produced.  During the inspection and before the

9   designation, all of the material made available for inspection shall be deemed

10  "CONFIDENTIAL – COUNSEL ONLY."  After the inspecting Party has identified the

11  documents it wants copied and produced, the Producing Party must determine which

12  documents, or portions thereof, qualify for protection under this Order.  Then, before

13  producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or

14  "CONFIDENTIAL – COUNSEL ONLY" legend to each page that contains Protected

15  Material.  If only a portion or portions of the material on a page qualifies for protection, the

16  Producing Party also must clearly identify the protected portion(s) (e.g., by making

17  appropriate markings in the margins) and the level of protection being asserted.

18          (b)     for testimony given in deposition or in other pretrial or trial

19  proceedings, that the Designating Party identify on the record, before the close of the

20  deposition, hearing, or other proceeding, all protected testimony.  The Designating Party may

21  identify the entire transcript on the record as "CONFIDENTIAL" or "CONFIDENTIAL –

22  COUNSEL ONLY" and may have up to 21 days thereafter to identify whether only portions

23  of that testimony are appropriately designated for protection.

24          (c)     for information produced in some form other than documentary and for

25  any other tangible items, that the Producing Party affix in a prominent place on the exterior of

26  the container or containers in which the information or item is stored the legend

27  "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL ONLY."  If only a portion or

28

portions of the information or item warrant protection, the Producing Party, to the extent
practicable, shall identify the protected portion(s).

     **5.3**    **Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure
to designate qualified information or items does not, standing alone, waive the Designating
Party's right to secure protection under this Order for such material.  Upon timely correction
of a designation, the Receiving Party must make reasonable efforts to assure that the material
is treated in accordance with the provisions of this Order.

**6.**    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

     **6.1**    **Timing of Challenges.**  Any Party or Non-Party may challenge a designation
of confidentiality at any time.  Unless a prompt challenge to a Designating Party's
confidentiality designation is necessary to avoid foreseeable, substantial unfairness,
unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party
does not waive its right to challenge a confidentiality designation by electing not to mount a
challenge promptly after the original designation is disclosed.

     **6.2**    **Meet and Confer.**  The Challenging Party shall initiate the dispute resolution
process by providing written notice of each designation it is challenging and describing the
basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the
written notice must recite that the challenge to confidentiality is being made in accordance
with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each
challenge in good faith and must begin the process by conferring directly (in voice to voice
dialogue; other forms of communication are not sufficient) within 14 days of the date of
service of notice.  In conferring, the Challenging Party must explain the basis for its belief that
the confidentiality designation was not proper and must give the Designating Party an
opportunity to review the designated material, to reconsider the circumstances, and, if no
change in designation is offered, to explain the basis for the chosen designation.  A
Challenging Party may proceed to the next stage of the challenge process only if it has
engaged in this meet and confer process first or establishes that the Designating Party is
unwilling to participate in the meet and confer process in a timely manner.

**6.3** **Judicial Intervention.** If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.** **ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1** **Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this

1    Order.  When the litigation has been terminated, a Receiving Party must comply with the

2    provisions of section 13 below (FINAL DISPOSITION).

3        Protected Material must be stored and maintained by a Receiving Party at a location

4    and in a secure manner that ensures that access is limited to the persons authorized under this

5    Order.

6        **7.2    Disclosure of "CONFIDENTIAL" Information or Items.**  Unless otherwise

7    ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

8    disclose any information or item designated "CONFIDENTIAL" only to:

9            (a)    the Receiving Party's Outside Counsel of Record in this action, as well

10   as employees of said Outside Counsel of Record to whom it is reasonably necessary to

11   disclose the information for this litigation and who have signed the "Acknowledgment and

12   Agreement to Be Bound" that is attached hereto as Exhibit A;

13           (b)    the officers, directors, and employees (including House Counsel) of the

14   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

15   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

16           (c)    Experts (as defined in this Order) of the Receiving Party to whom

17   disclosure is reasonably necessary for this litigation and who have signed the

18   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19           (d)    the court and its personnel;

20           (e)    court reporters and their staff, professional jury or trial consultants,

21   mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this

22   litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

23   (Exhibit A);

24           (f)    during their depositions, witnesses in the action to whom disclosure is

25   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be

26   Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.

27   Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

28

1   Material must be separately bound by the court reporter and may not be disclosed to anyone
2   except as permitted under this Stipulated Protective Order.

3          (g)    the author or recipient of a document containing the information or a
4   custodian or other person who otherwise possessed or knew the information.

5          **7.3    Disclosure of "CONFIDENTIAL – COUNSEL ONLY" Information or**
6   **Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party,
7   a Receiving Party may disclose any information or item designated "CONFIDENTIAL –
8   COUNSEL ONLY" only to:

9          (a)    the Receiving Party's Outside Counsel of Record in this action, as well
10   as employees of said Outside Counsel of Record to whom it is reasonably necessary to
11   disclose the information for this litigation and who have signed the "Acknowledgment and
12   Agreement to Be Bound" that is attached hereto as Exhibit A;

13          (b)    the following specified House Counsel of each Party:  Yuri Kim for
14   Plaintiffs and Ryan Loh for Defendant, once each individual has signed the
15   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

16          (c)    Experts (as defined in this Order) of the Receiving Party to whom
17   disclosure is reasonably necessary for this litigation and who have signed the
18   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19          (d)    the court and its personnel;

20          (e)    court reporters and their staff, professional jury or trial consultants,
21   mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this
22   litigation and who have signed the "Acknowledgment and Agreement to Be Bound"
23   (Exhibit A);

24          (f)    the author or recipient of a document containing the information or a
25   custodian or other person who otherwise possessed or knew the information; and

26          (g)    the finder of fact at the time of trial, subject to the Court's rulings on in
27   limine motions and objections of counsel.

28

**8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL ONLY," that Party must:

(a)      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these

1   provisions should be construed as prohibiting a Non-Party from seeking additional

2   protections.

3           (b)     In the event that a Party is required, by a valid discovery request, to

4   produce a Non-Party's confidential information in its possession, and the Party is subject to an

5   agreement with the Non-Party not to produce the Non-Party's confidential information, then

6   the Party shall:

7               (1)     promptly notify in writing the Requesting Party and the Non-

8   Party that some or all of the information requested is subject to a confidentiality agreement

9   with a Non-Party;

10               (2)     promptly provide the Non-Party with a copy of the Stipulated

11   Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

12   description of the information requested; and

13               (3)     make the information requested available for inspection by the

14   Non-Party.

15           (c)     If the Non-Party fails to object or seek a protective order from this court

16   within 14 days of receiving the notice and accompanying information, the Receiving Party

17   may produce the Non-Party's confidential information responsive to the discovery request.  If

18   the Non-Party timely seeks a protective order, the Receiving Party shall not produce any

19   information in its possession or control that is subject to the confidentiality agreement with

20   the Non-Party before a determination by the court.  Absent a court order to the contrary, the

21   Non-Party shall bear the burden and expense of seeking protection in this court of its

22   Protected Material.

23   **10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

24           If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

25   Protected Material to any person or in any circumstance not authorized under this Stipulated

26   Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

27   Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies

28   of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures

were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.     **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to the Receiving Party or the Receiving Party otherwise becomes aware that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), the production of privileged or work-product protected documents or information, including electronically stored information, whether inadvertent or not, is not a waiver of the privilege or protection in connection with discovery in this case or any other federal proceeding.

**11.1**  **Privilege Log**. Communications between the parties and their outside counsel that post-date the filing of the complaint need not be placed on a privilege log.

## 12.     **MISCELLANEOUS**

**12.1**  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**12.2**  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.3**  Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the

1   specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will

2   issue only upon a request establishing that the Protected Material at issue is privileged,

3   protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving

4   Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is

5   denied by the court, then the Receiving Party may file the information in the public record

6   pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

7   **13.     FINAL DISPOSITION**

8          Within 60 days after the final disposition of this action, as defined in paragraph 4, each

9   Receiving Party must return all Protected Material to the Producing Party or destroy such

10  material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

11  compilations, summaries, and any other format reproducing or capturing any of the Protected

12  Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must

13  submit a written certification to the Producing Party (and, if not the same person or entity, to

14  the Designating Party) by the 60 day deadline that (1) identifies (by category, where

15  appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

16  Receiving Party has not retained any copies, abstracts, compilations, summaries or any other

17  format reproducing or capturing any of the Protected Material.  Notwithstanding this

18  provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial,

19  deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

20  exhibits, expert reports, attorney work product, and consultant and expert work product, even

21  if such materials contain Protected Material.  Any such archival copies that contain or

22  constitute Protected Material remain subject to this Protective Order as set forth in Section 4

23  (DURATION).

24

25

26

27

28

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3

4

5    Dated:  August 16, 2016                    JENNIFER LEE TAYLOR
                                                ANNA FERRARI
6                                               SABRINA A. LARSON
                                                MORRISON & FOERSTER LLP
7

8
                                        By:  _s/ Jennifer Lee Taylor_
9                                            JENNIFER LEE TAYLOR

10                                           Attorneys for Plaintiffs
                                             RESTORATION HARDWARE, INC.
11                                           and RH US, LLC

12   Dated:  August 16, 2016                    JENNIFER A. GOLINVEAUX
                                                WINSTON & STRAWN LLP
13

14
                                        By:  _s/ Jennifer A. Golinveaux_
15                                           JENNIFER A. GOLINVEAUX

16                                           Attorneys for Defendant
                                             HOUZZ INC.
17

18

19

20

21

22

23

24

25

26

27

28

1

**ATTESTATION**

2    I, Jennifer Lee Taylor, am the ECF user whose ID and password are being used to file

3 this Joint Stipulation to Extend Time to Respond to Complaint.  In compliance with Civil

4 Local Rule 5-1(i)(3), I hereby attest that Jennifer A. Golinveaux has concurred in this filing.

5

6 Dated: August 16, 2016       JENNIFER LEE TAYLOR
                    ANNA FERRARI

7                    SABRINA A. LARSON
                    MORRISON & FOERSTER LLP

8

9              By: *s/ Jennifer Lee Taylor*

10                 JENNIFER LEE TAYLOR

11              Attorneys for Plaintiffs
                RESTORATION HARDWARE, INC.

12                and RH US, LLC

13

14

15

16

17

18 **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

19

20 Dated: August 17, 2016

21              Hon. Maxine M. Chesney
              United States District Judge

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. 4:16-cv-00455
sf-3681264

15